Sucesión Bianchi *v.* Ayuntamiento de Añasco.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 155.—Resuelto en abril 19, 1904.

Ley Municipal—Caminos Vecinales—Facultades de los Ayuntamientos.—
Con arreglo a la Ley Municipal de 1896, las obligaciones y facultades de los
ayuntamientos se refieren a la construcción y conservación de los caminos
vecinales, y a compeler a las personas interesadas en los caminos rurales,
a conservar y reparar éstos, no teniendo facultades para definir la naturaleza
de los mismos, ni acordar su apertura o reapertura.

Id.—Es de la competencia de la administración municipal, la conservación del
régimen existente en los caminos rurales, y la observancia de las reglas ge-
nerales de policía rural, debiendo entender los tribunales ordinarios en
lo que se refiera a la propiedad y posición de los referidos caminos, y a las
servidumbres constituídas sobre los mismos.

Costas.—Las costas deben imponerse a la parte cuyas pretensiones sean total-
mente desestimadas.

EXPOSICIÓN DEL CASO.

Vistos estos autos del juicio declarativo seguido en el Tri-
bunal de Distrito de Mayagüez, entre partes, de la una, como
demandante, Don Juan Bianchi y Pagán, hoy su Sucesión com-
puesta de la viuda Da. Rosario Rosafá y Estrada y sus hijos
legítimos Don Francisco, Da. Estela, Don Juan y Da. Rosario,
mayores de edad y vecinos, el primero, de Añasco, y los demás
de Mayagüez, representados y dirigidos por su abogado de-
fensor Don José de Diego y Martínez, y de la otra, como de-
mandado, el Ayuntamiento de Añasco, representado y dirigido
por su abogado defensor D. José de Guzmán Benítez, sobre
nulidad de un acuerdo y otros extremos; autos pendientes
ante nos a virtud del recurso de apelación interpuesto por el
demandado contra la sentencia pronunciada por el referido
tribunal de distrito, la que copiada literalmente dice así:

"*Sentencia.* En la ciudad de Mayagüez, 23 de junio de 1903. (*)
"Visto en juicio oral y público este pleito declarativo, seguido
entre partes: de la una, como demandante, Don Juan Bianchi y

Pagán, hoy su sucesión compuesta de su viuda Doña Rosario Rosafá y Estrada y sus hijos legítimos Don Francisco, Doña Estela, Don Juan y Doña Rosario, mayores de edad, y vecino, el primero, de Añasco, y los otros dos de esta ciudad, a quienes representa y dirige el Letrado Don José de Diego; y de otra parte, como demandado, el Ayuntamiento de Añasco, representado y dirigido por el Letrado Don Fernando Vázquez, sobre nulidad de acuerdo y otros extremos.

"*Resultando:* que el Letrado Don José de Diego con la indicada representación presentó demanda ante esta corte, contra el Ayuntamiento de Añasco, fundándola en que la hacienda 'Central' perteneciente hoy a la Sucesión de Don Juan Bianchi Pagán, que limita por el Norte con el camino de Añasco a San Sebastián y por el Oeste con el camino viejo de Añasco de esta ciudad, estando además cruzada al sur por el camino vecinal que conduce al barrio de Ovejas, siendo éstas las únicas vías que atraviesan o tocan el predio descrito en la demanda, sin que de algunos años a esta parte haya existido ni exista ningún otro camino vecinal, rural o de servidumbre que penetre en los terrenos de la referida hacienda, ni que sean necesarios al tránsito público o al acarreo de frutos, porque las indicadas vías ofrecen todas las comodidades apetecibles a las comunicaciones en dicha comarca; que veinte y cinco o treinta años atrás existían en determinados lugares del área superficial que hoy constituye el referido ingenio, dos sendas por donde se comunicaban varias de las numerosas fracciones en que el perímetro se dividía, sendas que en realidad no tuvieron otro carácter que el de servidumbres privadas; que adquiridas las diversas fracciones de terrenos por el Sr. Bianchi, para constituir la finca 'Central,' destruídas y borradas las sendas por corrientes de río, por las aguas pluviales y por la vegetación exuberante, en un largo transcurso de tiempo quedaron extintas las servidumbres y cortadas las comunicaciones que anteriormente existían; que una de tales veredas, que solía denominarse 'Boca de Casey,' cruzada por terrenos de la antigua hacienda 'Josefa,' que hoy forma parte de la 'Central,' intransitable ya, fué cerrada por acuerdo del Ayuntamiento de Añasco, en uno de los años 1878 a 1880; y la otra senda llamada de la 'Ceiba,' que atravesaba por una finca integrante hoy del ingenio 'Central' y entonces propiedad de Don Manuel del Río López y Marín, también fué hace muchos años abandonada, por cuya razón, y porque no servía para cosa buena, el mismo Ayuntamiento (*) de Añasco cerró definitivamente la citada vereda; que Don Ignacio Sein e Isasa, que posee un predio vecino a la hacienda 'Central,' aun

cuando puede utilizar un camino próximo, abierto al tránsito público para el acarreo de cañas a su finca, quiere de todas maneras introducirse por la propiedad del Sr. Bianchi, hoy su sucesión, y penetrar por la hacienda 'Central,' uniendo el propio beneficio al malestar ajeno; y al efecto, hizo y suscribió con otros señores una instancia solicitando del Ayuntamiento de Añasco la apertura de los supuestos caminos rurales 'Boca de Casey' y 'La Ceiba,' sendas ya destruídas y cerradas según se ha mencionado antes; que el ayuntamiento nombró entonces una comisión para que informase acerca del asunto, la cual después de un largo y detenido análisis presentó su dictamen contrario en absoluto a la instancia referida; pero rechazado el dictamen aludido y nombrada otra comisión, en la cual entraron el Sr. Alcalde y el peticionario, Sr. Sein, éste informó a favor de sí mismo así como los demás miembros de aquélla en favor de dicho Sein, acordándose por el ayuntamiento la apertura de los caminos, en sesión de 7 de abril del año próximo pasado; que no esperándose el transcurso del término que la ley concedía para recurrir y pedir la suspensión del acuerdo, fué ejecutado dos días después por la autoridad del alcalde con el auxilio de la fuerza pública, como si hubiera sido absolutamente indispensable que la parte lesionada sufriera cuanto antes los perjuicios de aquella resolución ilegal; y que al ejecutarse la apertura de los caminos, éstos fueron llevados por donde quiso el alcalde, puesto que apenas existían en determinados puntos las trazas o huellas de las antiguas sendas, ocultas y deshechas por la acción del tiempo; que entablado recurso de alzada por el Sr. Bianchi, con fecha 12 de abril del mismo año, para ante el Secretario de Puerto Rico, este honorable funcionario, después de recibir el informe del alcalde, y no obstante resolver que el conocimiento y decisión de la controversia correspondía a los tribunales ordinarios, suspendió el acuerdo recurrido, por término de dos meses, mientras el recurrente, Sr. Bianchi, presentaba la demanda del caso, disponiendo que entre tanto volvieran las cosas a su anterior estado; y termina suplicando que, previos los debidos trámites se dicte sentencia declarando con lugar la demanda, decretando la nulidad del acuerdo municipal y demás peticiones contenidas en dicha súplica, pidiendo por otrosí se suspendiera la ejecución de dicho acuerdo mientras se ventilara y decidiera la demanda interpuesta, confirmándose así el decreto del Secretario de (*) Puerto Rico, según consta de los documentos acompañados, imponiéndose las costas a la corporación demandada.

"*Resultando:* que admitida la demanda y decretada la suspensión

del acuerdo solicitado en la misma y dado traslado de ella a la corporación demandada por medio de su alcalde municipal, y notificado de la suspensión del acuerdo referido, estableció su abogado representante excepción dilatoria por falta de personalidad en su presentado para contestar dicha demanda, porque según la Ley Municipal vigente, las facultades de los municipios que son solamente legislativas están definidas en la sección 23 y en ellas no están comprendidas ningunas referentes a caminos rurales y vecinales, como lo estaban en la Ley Municipal derogada en 31 de diciembre de 1896, exponiendo varios hechos relativos a la demanda y demás fundamentos; y contestando al fondo de las mismas, expuso como hechos que en el término municipal de Añasco existía un camino desde tiempo inmemorial denominado 'Boca de Casey' que estaba destinado al servicio de los vecinos de los barrios de Casey Arriba, Casey Abajo y Ovejas; que existía también en la propia jurisdicción otro camino desde tiempo inmemorial, denominado de la Ceiba y que utilizaban asimismo los vecinos de los antedichos barrios Casey Arriba, Casey Abajo y Ovejas; que suscitada una cuestión sobre este último camino de la Ceiba, entre Don Juan Manuel del Río y Don Francisco López, se oyó una comisión que nombró el comandante jefe del departamento, y con asistencia de ella, los árbitros que también se nombraron, de los interesados y de varios vecinos colindantes por acta levantada en 25 de febrero de 1847, ante el escribano real y público Don José María Padilla, y teniendo en cuenta que el camino de que se trataba venía desde tiempo inmemorial, quedó definitivamente trazado el camino dicho, que debía abrirse por Don Juan Manuel del Río y Don Francisco López, en cuya acta se leen estas palabras 'bien entendido que este nuevo camino deberá quedar y quedará perpetuamente establecido para tránsito general, y que tendrán obligación los dueños que hoy son, y que en adelante fueren de los terrenos colindantes, de cerrar con mayas o según lo tuvieran por conveniente, para preservar, pasto y siembras, puesto que el camino no podrá ser obstaculizado, ni menos interceptado en (*) manera alguna'; que los dos referidos caminos son los que reconocía Don Juan Bianchi Pagán en el hecho cuarto de la demanda, no existiendo acuerdo ninguno del Ayuntamiento de Añasco en que se hayan mandado cerrar hace poco tiempo, habiéndolos cerrado el Sr. Bianchi por su propia autoridad; reproduciendo el hecho primero, segundo y tercero, de la excepción, en el hecho quinto de la

contestación a la demanda, y termina suplicando se declare que su representado carece de personalidad para contestarla, declarándola sin lugar, imponiendo en uno u otro caso las costas al actor.

"*Resultando:* que convocadas las partes para la comparecencia a prueba, por haberlo así solicitado ambas, propusieron en aquel acto la representación de la actora, la documental de cotejo de documentos, pericial y testifical; y la del demandado propuso asimismo la documental de cotejo de documentos, testificial y pericial, y admitida toda la prueba propuesta, se señaló día y hora para la celebración del juicio oral.

"*Resultando:* que al acto del juicio oral concurrieron los letrados de ambas partes, y como existiese una excepción promovida por el demandado, la cual había de resolverse previamente, el tribunal, de conformidad con lo dispuesto en el artículo 62 de la Orden General No. 118, serie de 1899, por medio del presidente, concedió la palabra al letrado promovente de aquélla, quien en su informe oral alegó todo lo que creyó pertinente al derecho de su parte y propuso como prueba se diese lectura al documento de folio 88 de autos y oído el letrado de la parte contraria alegó en su informe todo lo que creyó pertinente al derecho de su defendido, y terminó solicitando del tribunal se declarara sin lugar la excepción formulada, con las costas, proponiendo como prueba la misma que la del letrado adversario, y dándose lectura por el secretario a dicho documento, se suspendió el juicio para tomar acuerdo acerca de la cuestión incidental, por los instantes que fueron necesarios; y reanudada la sesión, fué resuelta por unanimidad por auto que se dictara en dicho acto, en el sentido de que la petición deducida por Don Juan Bianchi Pagán, hoy su sucesión, contra el Ayuntamiento de Añasco, comprende varios extremos; y que precisamente en la época en que se dedujo aquélla, si bien ya se había publicado la ley para dividir a Puerto Rico en distritos de caminos, y para disponer la construcción (\*) y demás, según consta de la comunicación del Comisionado del Interior, la junta de inspectores a que alude esa ley se constituyó el 12 de enero de 1903, por la cual deducíase que dicha demanda fué interpuesta contra persona que tenía el carácter y la representación con que se le demandaba, denegándose la excepción propuesta, con las costas al promovente, disponiéndose la continuación del juicio; protestando de

306

ese acuerdo el letrado de dicha parte, protesta que fué consignada en acta de orden del tribunal. Continuada la sesión se procedió a la práctica de la prueba del actor, comenzándose por la pericial, en la que el perito Don Ricardo Skerret, a preguntas del letrado de la parte actora, contestó que constituído en el barrio Carreras del municipio de Añasco, en unión de Don Agustín Pesante, alcalde de dicho pueblo, Don Ignacio Sein, Don José Reyes Alvarez, y Don José Leocadio García, procedió a reconocer el terreno objeto del litigio, resultando de su examen, que no encontró huellas que indicaran que los caminos 'Boca de Casey' y 'La Ceiba,' que se dice cruzaban dichos terrenos, hayan sido abiertos al servicio público estos 2 últimos años, creyendo a su juicio dicho perito, que esos caminos han estado abandonados desde hace 10 años, no existiendo prueba alguna de que se haya trabajado en ellos, exponiendo, además de varias consideraciones, no encontrar los caminos denominados 'Boca de Casey y 'La Ceiba' en cuestión; solicitando el letrado de la parte actora se uniera a los autos el informe escrito y el croquis del terreno que el perito informante presentó en aquel acto, oponiéndose a esa pretensión el letrado de la parte contraria, porque lo creyó improcedente según las razones que adujo, resolviendo el tribunal, después de ponerse de acuerdo, sin lugar la oposición, agregándose dichos documentos, protestando dicho letrado y consignándose en acta; y a preguntas de este letrado manifestó el perito que no existen los caminos denominados 'Boca de Casey' y 'La Ceiba,' antes mencionados, no encontrando huellas que se lo indicaran, extendiéndose en otras varias consideraciones objeto del reconocimiento. Practicada la prueba testifical del actor, el testigo Don Ernesto Esteves expuso: que conoce y es colindante de los terrenos de la 'Central Bianchi,' hace 20 o 25 años; que por dichos terrenos atravesaban antiguamente dos caminos de servidumbre denominados 'Boca de Casey' y 'La Cieba'; que el primero hace 27 o 28 años que no está abierto al tránsito público y que jamás el declarante ha utilizado dicho camino; que últimamente el Ayuntamiento de Añasco ha pretendido abrir (*) ese camino por un punto donde jamás existió; que el camino de ''La Ceiba,' desde hace 8 o 10 años, no está abierto al tránsito público, exponiendo el testigo otras varias consideraciones a preguntas del letrado de la parte contraria y del tribunal, relativas a los caminos en cuestión; los demás testigos declararon igualmente que el anterior; diferenciándose los dos últimos en decir que sólo conocieron, un callejón llamado de los Ríos, el uno,

y el otro, un camino llamado de 'La Ceiba,' los cuales están cerrados hace 8 y 10 años, respetivamente.

"Practicada asimismo la prueba testifical del demandado, el testigo Felipe Vélez declaró, que conoció un camino llamado 'Boca de Casey,' el cual era público, y todo el mundo pasaba por él, constándole estar cerrado; declarando de igual modo los demás testigos, y añadiendo, uno de ellos, que pasaba por dicho camino, otro que hace seis o siete meses que también pasaba y que lo ha visto cerrado, ignorando por orden de quién, y el último, que estuvo abierto durante la cosecha de este año; que es camino público desde el año 56, estando cerrado actualmente, ignorando por qué causa; y terminada toda la prueba, los letrados de ambas partes expusieron en sus informes orales todo lo que estimaron conveniente al derecho de sus defendidos.

"*Resultando:* que en el día y hora designados fué votada esta sentencia en público, por unanimidad.

"*Resultando:* que en la tramitación de este juicio se han guardado las formalidades legales.    Vistos, siendo Ponente el Sr. Juez Asociado Don Enrique González Darder.

"*Considerando:* que de la prueba pericial y testifical, presentada y practicada a instancia de la parte actora, y aun de la prueba documental, como lo es la certificación obrante a los folios 59 y 60 de autos, y que contiene el dictamen de la comisión nombrada primeramente por el Ayuntamiento de Añasco, para informar sobre la apertura de los caminos litigiosos, aparece que éstos si alguna vez tuvieron el carácter de caminos abiertos al tránsito público y no el de (*) servidumbre privada entre predios colindantes, fueron cerrados y abandonados por un transcurso de tiempo que excede de veinte años en cuanto al llamado 'Boca de Casey,' y de 8 años, respecto al denominado 'La Ceiba.'

"*Considerando:* que aparte de la naturaleza jurídica de aquellos caminos o sendas y los efectos del lapso de tiempo durante el cual estuvieron abandonados y cerrados, resulta del conjunto de la prueba claro y evidente que el ayuntamiento demandado decretó el acuerdo cuya nulidad pide la parte demandante, y el alcalde de Añasco practicó la apertura de dichos caminos que se encontraban cerrados al tránsito público, durante el indicado período de tiempo, abrogándose aquella corporación facultades que no le competen, conforme a las leyes que regían su constitución y funcionamiento a la fecha del acuerdo impugnado.

"*Considerando:* que las obligaciones y consiguientes facultades

conferidas a los ayuntamientos por el artículo 77 de la Ley Municipal, promulgada en 31 de diciembre de 1896 y vigente en 7 de abril de 1902, fecha del referido acuerdo, se limitan y refieren a la construcción y conservación de los caminos vecinales, y a compeler a las personas interesadas en los caminos rurales a conservar y reparar éstos, partiendo de la existencia de dichos caminos en uno y otro caso, según está en la letra y espíritu de dicho artículo 77, no dando atribuciones a los ayuntamientos que sólo corresponden a los tribunales de justicia, para definir acerca de la naturaleza de supuestos caminos rurales, de antiguos cerrados al tránsito, ni para decretar su apertura, ni re-apertura.

"*Considerando:* que en los expuestos principios estuvo inspirada también la Real Orden de 4 de febrero de 1887 por ambas partes citada en apoyo de su pretensión, declarando aquella disposición que es de la competencia de la administración limitadamente lo que se refiere a que en los caminos rurales no se altere el régimen existente y las reglas generales de policía rural, siendo atribución de los tribunales ordinarios entender en la propiedad y posición de los referidos caminos, y de todo lo que conviene a las servidumbres particulares que en nada afecta al interés público, y siendo en el caso presente de autos abandono y cierre de los caminos litigiosos, por un largo espacio de tiempo, lo que constituía el régimen existente, no podía ser éste alterado por la corporación demandada.

"*Considerando:* que el acuerdo tomado por el Ayuntamiento de Añasco, con infracción del artículo 77 de la citada Ley Municipal y (*) de los preceptos sustantivos civiles que regulan el derecho de propiedad y posesión, es nulo conforme al artículo 4 del Código Civil.

"*Considerando:* que la validez o nulidad del mencionado acuerdo ha sido la materia esencial del debate, siendo un hecho establecido entre las partes, antes de la controversia judicial, que la propiedad y posesión de los caminos correspondía a Don Juan Bianchi, iniciador de la demanda, como resulta de las certificaciones de acuerdos y constancias relativas al Ayuntamiento de Añasco, y las comisiones por el mismo nombradas para informar sobre la apertura de los caminos y del expediente administrativo que precedió a la cuestión judicial.

"*Considerando:* que asimismo el hecho de la propiedad y posesión de las tierras ocupadas y atravesadas por los caminos no fué negado y, antes bien, fué reconocido por la parte demandada, según aparece del hecho primero del escrito de contestación de la demanda en lo referente a la excepción dilatoria propuesta y cuyo hecho primero se

reproduce en el 5 de la contestación al fondo de la demanda, opoyándose también en este hecho reconocido por las partes, el 9°. fundamento del mencionado escrito, y derivándose del propio hecho concerniente a la propiedad y posesión de las referidas tierras, toda la prueba pericial y testifical practicada a instancia de una y otra parte.

"*Considerando:* que ejerciendo y aun sin ejercer el tribunal la facultad que le concede el artículo 689 de la Ley de Enjuiciamiento Civil, resulta patente el hecho a que se refiere el fundamento anterior.

"*Considerando:* que es nulo el acuerdo debatido y deben volver las cosas a su anterior estado, y que no resolviéndose en este fallo nada que pueda afectar a las servidumbres u otro género de derechos que puedan corresponder a las personas a quienes interese la declaración relativa a la apertura de los supuestos caminos o sendas, deben reservarse a los interesados los derechos de que se crean asistidos, conforme se solicita por el actor en el pedimento 4 de la demanda.

"*Considerando:* que las costas en todo juicio debe pagarlas el litigante cuyas pretensiones hayan sido desestimadas en aquél.

"Vistas las disposiciones de ley citadas y las demás de aplicación del caso.

"*Fallamos:* que debemos declarar y declaramos esta demanda con lugar y en su virtud la nulidad del acuerdo a que se refiere, así como que la propiedad y posesión de las tierras ocupadas y atrevesadas por los supuestos mencionados caminos corresponden a los herederos o (*) causahabientes de Don Juan Bianchi Pagán, volviendo las cosas a su anterior estado, quedando cerrados dichos caminos al tránsito público, y cuya apertura decretó el Ayuntamiento de Añasco; reservándose a los interesados en la declaración judicial relativa a servidumbres u otros derechos análogos las acciones que puedan corresponderles y condenando a la corporación demandada al pago de las costas de este juicio.

"Así por ésta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos.   Arturo Aponte.   J. A. Erwin. Enrique González Darder."

*Resultando:* que contra esta sentencia interpuso apelación la representación del Ayuntamiento de Añasco, la que le fué admitido libremente y en ambos efectos, y que elevados los autos a esta superioridad con citación y emplazamiento de las partes, y personadas éstas, se dió al recurso la tramitación

correspondiente, señalándose día para la vista, cuyo acto se celebró con asistencia de los abogados defensores de las partes.

Abogado del apelante: *Sr. José de Guzmán Benítez.*

Abogado de los apelados: *Sr. José de Diego.*

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los fundamentos de hecho y los de derecho a excepción del 6°., 7°., 8°. y 10°. *Considerando* de la sentencia apelada.

*Considerando:* que si bien la prueba que obra en autos es bastante para acreditar que Don Juan Bianchi Pagán y su sucesión han estado en la posesión de los terrenos ocupados por los caminos que se ventilan en estos autos, no así para declarar que a dicha sucesión corresponda la propiedad de los expresados terrenos, toda vez que sobre este particular no se ha propuesto por la sucesión demandante, concreta y determinadamente, prueba alguna.

*Considerando:* que con arreglo a la sección 63 de la Orden General Número 118, serie de 1899, las costas deben imponerse al litigante cuyas pretensiones hubiesen sido totalmente (*) desestimadas y que en los demás casos debe el tribunal resolver sobre ellas con arreglo a equidad.

Vistas las disposiciones legales que se citan en la referida sentencia aplicables al caso. *Fallamos:* que debemos confirmar y confirmamos la sentencia apelada, excepto en cuanto por ella se declaran de la propiedad de la sucesión demandante los terrenos ocupados y atravesados por los caminos a que se refieren estos autos, sobre cuyo extremo se desestima la demanda, y declarándose sin especial condenación las costas de ambas instancias.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.